## No. 11,584.

### DUPLER v. PFEIFFER, ET AL.

Decided June 1, 1926.

Proceeding growing out of the sale of property of an insolvent bank. Judgment for bank commissioner.

### *Affirmed.*

1. BANKS AND BANKING—*Sale—Confirmation.* Confirmation of a sale of property of a bank by the bank commissioner is in the sound discretion of the court in charge of the sale.

2. SALES—*Banks and Banking—Liquidation.* The sale of property of an insolvent bank by the bank commissioner, although subject to confirmation by the court, is not a judicial sale.

3. BANKS AND BANKING — *Liquidation — Sale — Competitive Bids.* Although a bank commissioner makes a private agreement to sell property of an insolvent bank, there is no abuse of discretion on the part of the court in refusing to confirm the sale and directing the commissioner to advertise, and receive bids for the property, it appearing that it will bring a higher price.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Sackmann, Judge.*

Mr. PHILIP HORNBEIN, for plaintiff in error.

Messrs. PONSFORD, PENDER & LARWILL, Messrs. FILLIUS, FILLIUS & WINTERS, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

Dupler intervened in the district court in the matter of the administration of the Bank of Commerce in course of liquidation by Pfeiffer, deputy state bank commissioner. His purpose was to get the court to order the commissioner to accept his bid of $18,000 for certain property of the bank which was offered for sale by the commissioner. The court denied his prayer and he brings error. We ordered a stay of proceedings and Dupler and Yeager, his rival bidder, have each given security to complete the purchase if successful.

The district court ordered a public sale of the property in question but there was no adequate bid. The commissioner then negotiated privately with Dupler who made him a written offer of $18,000 subject to confirmation by the court. The commissioner agreed to present the offer and recommend the confirmation and did so, but then came Yeager, defendant in error, and offered $18,500. The court then ordered the commissioner to advertise for and receive bids at his office; the plaintiff in error then intervened, asking that his bid be accepted and further sale enjoined. After a hearing his prayers were denied, then Yeager, pursuant to the advertisement, made a bid of $20,000, whereupon Dupler came here on error.

The proposition of the plaintiff in error, reduced to its lowest terms, is that the transaction between him and Pfeiffer was such as to command the respect due to a judicial sale; that is, one made under an order of court; that such a sale, by the weight of authority and reason, must be confirmed if bona fide and without fraud, and that therefore a new bid made before confirmation ought not to be regarded. In the United States courts the very purpose of the customary order of confirmation nisi, for eight days, is to afford opportunity for new bids; i. e., unless a better bid is made within eight days the sale is confirmed. *Pewabic Mining Co. v. Mason,*

145 U. S. 349, 364, * 12 Sup. Ct. 887, 36 L. Ed. 732. The state courts do not usually proceed in that way, though everywhere confirmation is desirable. All are agreed that the confirmation is in the sound judicial discretion of the court in charge of the sale. The argument of the plaintiff in error in effect is that the refusal of a bid is an abuse of such discretion; we need not, however, decide that question because the proceeding was not a judicial sale. It was no more than an offer to the court, by its own terms subject to confirmation by the court. It had not the force of a bid accepted at a public sale ordered by the court. The confirmation, therefore, would be the acceptance, and, until acceptance the bid remained a mere offer, not a contract nor analogous thereto; we can see no reason, then, why the court might not receive and accept a higher bid.

Counsel's proposition for Dupler is this: If a bank commissioner, in good faith and without fraud, makes a private agreement to sell, it is an abuse of discretion not to confirm it even though it was expressly subject to confirmation. We think the statement of this proposition refutes it.

Judgment affirmed.

MR. CHIEF JUSTICE ALLEN dissents.

* Counsel for plaintiff in error have quoted from the opinion in this case, p. 357, "It cannot be tolerated * * * to wait until after the property has been struck off * * * and then open the bidding * * * by an increased offer," but this refers to an attempt to open the bidding *after* confirmation, not *before*, as approved on p. 364.